UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE TATE                                                                CIVIL ACTION

VERSUS                                                                        NO. 15-891

MARLIN N. GUSMAN, ET AL.                                    SECTION: "J"(1)

**REPORT AND RECOMMENDATION**

Plaintiff, Jesse Tate, a state pretrial detainee, filed this federal civil rights complaint against Sheriff Marlin N. Gusman, Bonita Pittman, Ms. Polk, Mr. Lopez, Ms. Turner, and Ms. Garrison. In this lawsuit, plaintiff claims that he has been subjected to unconstitutional conditions of confinement within the Orleans Parish Prison system. Specifically, he stated his claims as follows: "Plaintiff has suffered from sinus, soreness of throat & headaches. Each defendant has failed in issuing cleaning supplies and necessities on both shifts."[1]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on August 20, 2015.[2] At that hearing, plaintiff elaborated on his claims as follows: Upon entering the jail in February of 2015, plaintiff noticed that there is mold in and around the showers and that dust accumulates around the air vents. Inmates are required to clean the facilities themselves, but for one two-month period they were not given adequate cleaning supplies to accomplish that task. He estimated that inmates were given cleaning supplies only approximately twice per week during

---

[1] Rec. Doc. 14, p. 4.
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

that period. He also testified that there is a lot of trash in the jail, it is overcrowded, and the ceiling leaks.

Defense counsel thereafter produced certified copies of plaintiff's medical records and grievance records. Those records have been filed into this federal record[3] and copies have been provided to plaintiff for his review and use in this proceeding.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or

---

[3] Rec. Doc. 17.
[4] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

>   (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[5] and fully considering his <u>Spears</u> hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claims

### A.  Physical Conditions of Confinement

Plaintiff is a pretrial detainee.[6]  It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." <u>Collins v. Ainsworth</u>, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted).  Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences.  Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 539 n.21 (1979); <u>Ruiz v. El Paso Processing Center</u>, 299 Fed. App'x 369, 371 (5th Cir. 2008); <u>Maddox v. Gusman</u>, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015).  For the following reasons, it is apparent that the physical conditions at the jail alleged by plaintiff, while unpleasant, concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.

Clearly, there is a point beyond which a prison's conditions are so excessively dirty or unkempt as to render them unconstitutional.  <u>See, e.g.</u>, <u>Gates v. Cook</u>, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate,

---

[5] The Court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[6] <u>See</u> Rec. Doc. 14, p. 3.

peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

With respect to plaintiff's complaint concerning the mold in the facility, the jurisprudence has repeatedly held that the mere fact that mold is present in a jail does not render an inmate's confinement unconstitutional. See, e.g., Eaton v. Magee, Civ. Action No. 2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); Barnett v. Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Reynolds v. Newcomer, Civ. Action No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (plaintiff's complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks omitted)); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."). The presence of dust similarly does not rise to the level of a constitutional violation. Jeanpierre v. Custodian,

Civ. Action No. 10-4393, 2011 WL 1315113, at *3 (E.D. La. Jan. 10, 2011), adopted, 2011 WL 976507 (E.D. La. Mar. 18, 2011); LeBlanc v. Gusman, Civ. Action No. 09-2786, 2010 WL 148290, at *3 (E.D. La. Jan. 12, 2010); Cummings v. Gusman, Civil Action No. 09-144, 2009 WL 1649737, at *3 n.11 (E.D. La. June 9, 2009).

With respect to plaintiff's contention that inmates are required to clean the jail themselves, it is clear that "[p]rison officials can constitutionally require inmates to keep their cells, living space and clothing clean by providing, or by requiring non-indigent inmates to purchase, cleaning supplies." Colby v. Gusman, Civ. Action No. 10-1004, 2010 WL 5477681, at *13 (E.D. La. Nov. 23, 2010), adopted, 2010 WL 5475617 (E.D. La. Dec. 28, 2010); accord Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *5 (E.D. La. Jan. 12, 2015); Davis v. Gusman, Civ. Action No. 09-7195, 2010 WL 1727825, at *21 (E.D. La. Apr. 13, 2010), adopted, 2010 WL 1727821 (E.D. La. Apr. 28, 2010). As to plaintiff's allegation that, for a two-month period, such cleaning supplies were available only approximately twice per week, that allegation likewise does not warrant relief. While such limited supplies are not optimal, the purported shortage during the two-month period neither resulted from a punitive motive nor was so severe as to be unconstitutional. See, e.g., Pitt v. Weaver, Civ. Action No. 15-360, 2015 WL 2452348, at *7 (E.D. La. May 21, 2015) (provision of cleaning supplies "only two or three times per week" was constitutional); cf. Young v. Gusman, Civ. Action No.12-2877, 2013 WL 4648478, at *10 (E.D. La. Aug. 29, 2013) ("Short term sanitation problems, although admittedly unpleasant, do not amount to constitutional violations.").

As to plaintiff's complaint that the ceiling sometimes leaks, it must be noted that "leaks, while unpleasant, are not unconstitutional." Bean v. Pittman, Civ. Action No. 14-2210, 2015 WL

350284, at *4 (E.D. La. Jan. 26, 2015); accord Simmons v. Gusman, Civ. Action No. 14-1907, 2015 WL 151113, at *5 (E.D. La. Jan. 12, 2015); McAllister v. Strain, Civ. Action No. 09-2824, 2009 WL 5088752, at *3 (E.D. La. Dec. 23, 2009).

Lastly, with respect to plaintiff's allegation at the Spears hearing that the jail is overcrowded, there is no contention that the overcrowding is imposed as a form of punishment. "[I]t has been repeatedly held that, absent some indication of punitive intent, the mere overcrowding of a jail does not violate the Fourteenth Amendment." Chavera v. Allison, No. 1:08cv256, 2009 WL 1011157, at *5 (S.D. Miss. Apr.15, 2009); accord Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, *4 (E.D. La. Mar. 19, 2015).  Further, in any event, conclusory allegations of overcrowding are insufficient to establish a constitutional violation. See, e.g., Skinner v. D'Cunha, 544 Fed. App'x 345, 346 (5th Cir. 2013), cert. denied, 134 S. Ct. 524 (2013); Maddox, 2015 WL 1274081, *4; Robertson v. LeBlanc, Civ. Action No. 13-171, 2014 WL 688979, at *5 (M.D. La. Feb. 20, 2014); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *4 (E.D. La. Oct. 1, 2009).

Accordingly, for all of these reasons, plaintiff's claims concerning the physical conditions at the jail should be dismissed.

### B.  Medical Care

To the extent that plaintiff may also be claiming that he received inadequate medical care for the physical ailments which allegedly resulted from those jail conditions, the undersigned notes that any such claim should likewise be dismissed for the following reasons.

As an initial matter, the Court notes that plaintiff has not named a proper defendant with respect to a medical claim.  There is no suggestion that the named defendants played any role in

denying plaintiff medical care. Moreover, they do not work in the jail's medical department, and, although Gusman and Pittman hold supervisory positions within the Orleans Parish Prison system, they cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability[7] or vicarious liability.[8]

In any event, it is clear that, even if plaintiff had named a proper defendant or were allowed an opportunity to amend his complaint to attempt to name one, any underlying medical claim would still fail. Obviously, all inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, that right is a limited one, and an inmate's constitutional right to medical care is violated only if his "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In this lawsuit, plaintiff claims that he suffered from sinus problems, sore throats, and headaches. However, routine sinus problems or sore throats do not qualify as serious medical needs. See, e.g., Hall v. Holsmith, 340 Fed. App'x 944, 947 (4th Cir. 2009) (sinus congestion and

---

[7] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).
[8] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

sore throat were not serious medical needs); Payton v. Gusman, Civ. Action No. 12-2578, 2013 WL 5530280, at *11 (E.D. La. Oct. 7, 2013) ("minor sinus irritation" was not serious); Jackson v. Walton, No. 2:01-CV-0417, 2003 WL 22846399, at *2 (N.D. Tex. Nov. 20, 2003) (sore throat not serious), adopted, 2004 WL 1778943 (N.D. Tex. Aug. 6, 2004).  And while some types of headaches, such as chronic migraine headaches, *can* constitute a serious medical need, occasional routine headaches do not.  See, e.g., Webb v. McKnight, No. 7:06CV00734, 2006 WL 3761382, at *2 (W.D. Va. Dec. 20, 2006) (finding that plaintiff's complaints of headaches and other ailments did not constitute serious medical needs), aff'd, 225 Fed. App'x 117 (4th Cir. 2007); Council v. Cologn, Civ. Action No. 04-2570, 2006 WL 1778100, at *3 (W.D. La. May 23, 2006) (adopted by Hicks, J., on June 21, 2006).  Accordingly, any claim concerning the failure to treat these conditions is frivolous.

## RECOMMENDATION

It is therefore **RECOMMENDED** the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

      New Orleans, Louisiana, this thirtieth day of September, 2015.

                                  **SALLY SHUSHAN**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

[9] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.